UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-00175-MR

| DYRALL HARDY, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| FNU BRADSHAW, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint. [Doc. 9]. See 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.  BACKGROUND**

Pro se Plaintiff Dyrall Hardy ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. Plaintiff filed this action on August 2, 2024, pursuant to 42 U.S.C. § 1983 against FNU Bradshaw, identified as a nurse at Alexander, and Defendant FNU Young, identified as a physician at Alexander. [Docs. 1, 1-2]. Plaintiff sued Defendants in their individual and official capacities. [Doc. 1 at 2]. He alleged as follows.

On May 15, 2024, at an outside hospital, Plaintiff had a "Bard port device … inserted in [his] chest for the sole purpose of Drawing Blood &

other reasons." [Id. at 5]. On May 29, 2024, at Alexander, Defendant Bradshaw, a Registered Nurse, used the wrong needle in the Port Device to draw Plaintiff's blood and Plaintiff felt pain in his chest. [Id. at 4]. Defendant Bradshaw then "stuck Plaintiff in the arm to draw blood." [Id.]. Defendant Young was supposed to oversee Defendant Bradshaw, but instead "play[ed] on the computer." [Id. at 5]. Both Defendants were aware that Plaintiff's blood was to be drawn from the Port Device, and Defendant Bradshaw "blindly went against" an order by a doctor at the outside hospital. [Id. at 4]. Plaintiff claimed Defendants violated his rights under the Eighth Amendment. [Id. at 3].

On initial review, the Court found that Plaintiff failed to state a claim for relief and allowed Plaintiff the opportunity to amend his Complaint in accordance with the Court's Order. [Doc. 8]. The Court noted that, "[a]t best Plaintiff's allegations suggest that one or more Defendants may have been negligent in their medical care of the Plaintiff." [Id. at 5]. The Court dismissed Plaintiff's official capacity claims, noting that state officials acting in their official capacities cannot be sued for damages under § 1983 and that the Eleventh Amendment bars suits for monetary damages against the State of North Carolina. [Id. at 4].

Plaintiff's Amended Complaint is now before the Court on initial review. [Doc. 9]. In his Amended Complaint, Plaintiff again names Nurse Bradshaw and Dr. Young as Defendants in their individual and official capacities. [Id. at 2]. He alleges as follows:

> On 5-29-24 I was seen by Defendants Dr. Young & RN Bradshaw to have Blood withdrawn from on 5-29-24 Due to provider young failing to properly supervise the RN Bradshaw my 8th Amendment to free from cruel and unusual punishment was violated my serious medical need was [illegible] injured and provider failed to asset her and sticking me plaintiff with wrong needle in Bard port Device that plaintiff got inserted on 5-15-24 at UNC Hillsboro weeks prior.

[Id. at 5].

Plaintiff claims violation of his rights under the Eighth Amendment. [Id. at 3]. For injuries, he alleges having suffered chest pain the day after having been "stuck with the wrong needle." [Id. at 5]. He seeks monetary relief only. [Id.].

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the

complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, as noted the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could

be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

"[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

Plaintiff here has failed to state a claim for relief for the same reasons as on initial review of his original Complaint. That is, Plaintiff cannot state an official capacity claim for money damages against a state official in his official capacity and Plaintiff has failed to state a claim under the Eighth Amendment for medical care that, at best, may have been negligent.

Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and has otherwise properly failed to state a claim for relief, the Court will dismiss this action with prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

IV. **CONCLUSION**

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 9] is **DISMISSED with prejudice** in accordance with the terms of this Order for Plaintiff's failure to state a claim for relief.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: November 4, 2024

Martin Reidinger
Chief United States District Judge